867 F.2d 609
Unpublished Disposition
 NOTICE: Fourth Circuit I.O.P. 36.6 states that citation of unpublished dispositions is disfavored except for establishing res judicata, estoppel, or the law of the case and requires service of copies of cited unpublished dispositions of the Fourth Circuit.
Roger TYLER, Plaintiff-Appellant,
v.
PRINCE GEORGE'S COUNTY, MARYLAND, Defendant-Appellee.
 No. 88-2820.
 United States Court of Appeals, Fourth Circuit.
 Submitted: Sept. 28, 1988.
Decided: Jan. 13, 1989.
 
 Samuel M. Shapiro (Shapiro, Meisleman & Greene), for appellant.
 John Francis Breads, Jr. (County Attorney's Office), for appellee.
 Before DONALD RUSSELL, SPROUSE and CHAPMAN, Circuit Judges.
 PER CURIAM:
 
 
 1
 Roger Tyler appeals from the district court's grant of summary judgment on his 42 U.S.C. Sec. 1983 claim. This claim arose out of an incident in which police officers of Prince George's County, Maryland, allegedly used excessive force against Tyler during an arrest. Tyler named Prince George's County (County) as the only defendant in the suit. For the reasons discussed below, we affirm the judgment of the district court.
 
 
 2
 The Supreme Court has held that a municipality may be held liable under Sec. 1983 only if some "official municipal policy ... caused a constitutional tort." Monell v. Department of Social Services, 436 U.S. 658, 691 (1978). This Court has noted that in the area of police misconduct, two basic theories have emerged for imposing municipal liability where there is no facially unconstitutional municipal policy:*
 
 
 3
 The principal theory locates fault in deficient programs of police training and supervision which are claimed to have resulted in constitutional violations by untrained or mistrained police officers. A second theory, sometimes imprecisely subsumed within the first, locates fault in irresponsible failure by municipal policymakers to put a stop to or correct a widespread pattern of unconstitutional conduct by police officers of which the specific violation is simply an example.
 
 
 4
 Spell v. McDaniel, 824 F.2d 1380, 1389 (4th Cir.1987), cert. denied, 56 U.S.L.W. 3488 (U.S. Jan. 19, 1988) (No. 87-855). In this appeal, Tyler seeks to impose liability on the County under both these theories.
 
 
 5
 In his brief, Tyler contends that the County's training and supervision of police department personnel are deficient. As an initial matter, it is unclear whether Tyler ever made this argument before the district court. However, even assuming this argument was presented to the district court, Tyler provided absolutely no evidence that the County's training and supervision were inadequate.
 
 
 6
 In his brief, Tyler presented excerpts from the depositions of the two officers who arrested him which he contends support his claim of inadequate training. These depositions, however, were not part of the record before the district court and may not be considered on appeal. Tyler also stated in his brief that his expert in police training, Joseph diGrazia, testified in his deposition that the County's training was deficient. An examination of diGrazia's testimony does not support this statement. While he does state his belief that the police used excessive force, nowhere does he indicate that the County's training or supervision were inadequate. In contrast, the County offered persuasive and unrebutted evidence in the form of affidavits and other exhibits that its training practices were satisfactory. In sum, Tyler failed to demonstrate the existence of a genuine issue of material fact regarding this claim. See Celotex Corp. v. Catrett, 477 U.S. 317 (1986).
 
 
 7
 Tyler also sought to impose liability on the County on the theory that the County condoned a "custom or usage" of unconstitutional conduct by the police. See Spell, 824 F.2d at 1390. Here, Tyler alleged that the County condoned police officers' customary use of constitutionally excessive force. In support of this claim, the only evidence submitted by Tyler was that Prince George's County had a somewhat higher percentage of complaints of police misconduct relative to total number of arrests than three other Maryland counties chosen by him. Specifically, in 1985, there were 15,010 arrests in the County and 60 complaints of excessive force. The number of complaints was thus .40% of the number of arrests. According to Tyler, this percentage is sufficient to show a pattern of widespread police misconduct.
 
 
 8
 Tyler's statistical presentation falls far short of creating a genuine issue of material fact. The fact that something less than one half of one percent of arrests led to complaints of excessive force is wholly inadequate to show the existence of an established custom of illegal conduct, much less that this custom was condoned by responsible policymakers. The fact that the County had a somewhat higher percentage of complaints than the other counties chosen by Tyler is not probative given that such factors as the definitions of excessive force, availability of complaint procedures, and amount of violent criminal activity may vary from county to county. Moreover, Tyler failed to provide evidence of even one other documented instance of police misconduct. As the district court noted, "the mere filing of complaints is not sufficient to prove the occurrence of the matters complained about." Since the County's policy as written is constitutional, Tyler's reliance on a single isolated incident of alleged police misconduct is insufficient to establish municipal liability. City of Oklahoma City v. Tuttle, 471 U.S. 808 (1985).
 
 
 9
 Accordingly, we affirm the judgment of the district court. We deny Tyler's motion to supplement the appendix and grant the County's motion to strike Tyler's brief to the extent that matters not presented to the district court are excluded from consideration. We dispense with oral argument because the dispositive issues recently have been decided authoritatively.
 
 
 10
 AFFIRMED.
 
 
 
 *
 Tyler concedes that the County's policies regarding police training and the use of excessive force are constitutional as written